IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEON ALAN BLAIS,

Plaintiff,

v. CASE NO. 1:20-cv-21-AW-GRJ

WILLISTON CROSSING EAST, LLC
et al.,

Defendants.
____________________/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*[1], initiated this case by filing a complaint asserting claims pursuant to the Americans with Disabilities Act, the Fair Housing Act, and state law, and is proceeding pursuant to an amended complaint, ECF No. 7. Plaintiff's claims stem from his lease of a residence at Williston Crossings, a recreational vehicle resort in Williston, Florida. *Id.*

Shortly after filing the Complaint, Plaintiff filed a "notice of removal and request for consolidation" in this case, ECF No. 8, purporting to remove a state court action filed against him by Defendants in the Eighth Judicial Circuit Court for Levy County. ECF Nos. 8 & 9.[2] This case is now

[1] Although Plaintiff is proceeding *pro se,* he has identified himself as a "practicing attorney admitted before this Court and others." ECF No. 1 at 2.

[2] ECF No. 9 was filed as an "amended" notice, but is identical to ECF No. 8. The Court will refer to ECF No. 8 as the operative notice.

before the Court on ECF No. 16, Defendants' motion to remand the Levy County case to state court. Defendants also seek an award of attorneys' fees and costs associated with the removal. Plaintiff has filed a response in opposition to the motion, ECF No. 20, and therefore the motion is ripe for determination. For the following reasons, it is respectfully recommended that Defendants' motion to remand be granted and this matter recommitted to the undersigned for further consideration of Defendants' motion for attorneys' fees and costs.

Plaintiff's attempt to remove a state case within this pending federal case is defective. Pursuant to 28 U.S.C. § 1446(a), a "defendant [in the state court action] desiring to remove any civil action from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

As grounds for removal, Plaintiff's notice states that the state court action "for eviction and damages, is filed in direct retaliation for Plaintiff filing the instant action. It is replete with contrived allegations." Plaintiff has failed to identify any grounds for removal that establish a basis for the exercise of federal subject matter jurisdiction over the state court complaint against him. Further, Plaintiff has attempted to secure a form of self-help

consolidation of the "removed" case with this pending federal case by improperly filing his notice of removal in this case instead of initiating a new case and paying the civil case filing fee. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, *whether by original process, removal or otherwise*, to pay a filing fee of $350").

Plaintiff concedes that the state case concerns Defendants' claims for "eviction and damages". ECF No. 8. A defendant in state court may only remove a case in which the federal district court would have original jurisdiction over the action. 28 U.S.C. §§ 1441(a), (b); *see also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Under 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff does not suggest that this Court has jurisdiction over the removed case on the basis of diversity. As to federal question jurisdiction, "a cause of action arises under federal law only when the [state-court] plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan*

*Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). This well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Further, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393; *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim.").

In this case, Defendants argue that the state complaint, docketed at ECF No. 10, involves only "state law claims for possession of real property and damages arising out of a residential lease agreement between Williston, as landlord, and Blais, as tenant. Williston owns and operates the Williston Crossings RV Resort in Williston, Florida (the "RV Resort") and leases individual sites within the RV Resort to tenants. Blais leases Site #421 within the RV Resort pursuant to a twelve-month agreement[.]" ECF No. 16 at 2 (citations to state-court record omitted). In the state case, Williston seeks to evict Plaintiff for non-payment of rent, for damaging

property at the RV Resort, and for violating the RV Resort's rules and regulations. *Id.* at 2-3.

In opposition to the motion, Plaintiff conclusionally asserts that the state case was filed in "retaliation" for filing this federal case. Plaintiff also denies that he owes Williston back rent or that he damaged Williston's property. ECF No. 20.

It is apparent that the state court complaint pertains to a simple landlord-tenant dispute which on its faces raises no federal question. *See* ECF No. 10; *Reserve at Kanapaha Celebration Point v. Hodges*, No. 1:17-cv-102-MW-GRJ, 2017 WL 3187329, at *1 (N.D. Fla. June 1, 2017) ("Eviction is governed by state law, and Defendant has pointed to no authority whatsoever for the proposition that an eviction action presents a federal question."); *Magnolia Place Apartments, LLC v. Richman*, No. 1:14-cv-24-MW-GRJ, 2014 WL 2117176, at *1–2 (N.D. Fla. May 21, 2014) (same); *TMH Park, LLC v. George*, No. 4:17-cv-413-MW-CAS, 2017 WL 4640446, at *1–2 (N.D. Fla. Sept. 15, 2017) ("A state law eviction complaint is not removable to federal court under 28 U.S.C. § 1441."). To the extent that Plaintiff has legal defenses to Williston's complaint, such defenses do not create a basis for the exercise of federal jurisdiction over the state complaint. *See, e.g., Reserve at Kanapaha,* 2017 WL 3187329, at *1

(observing that it is well-settled that defenses under federal civil rights and other statutes do not create federal subject matter jurisdiction).

Section 1447(c) provides that where, as here, "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Williston's state-court complaint against Plaintiff is therefore due to be remanded to state court.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). The Court finds that under the circumstances presented there is no objectively reasonable basis for Plaintiff's attempt to remove an eviction action from state court within a pending federal case.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to remand, ECF No. 16, should be **GRANTED** and the removed complaint, ECF No. 10, should be **REMANDED** to the Circuit Court for the Eighth Judicial Circuit in and for Levy County, and that the **CLERK** should be directed to send a certified copy of the order of remand to the Clerk of Court for the Eighth Judicial Circuit in and for Levy County.

2. This case should be recommitted to the undersigned for determination of an appropriate amount of fees and costs to be awarded Defendants in connection with Plaintiff's removal.

**IN CHAMBERS** this 28th day of February 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.