IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEON ALAN BLAIS,

    Plaintiff,
v.                                        CASE NO. 1:20-cv-21-AW-GRJ

WILLISTON CROSSING EAST, LLC
et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*[1], initiated this case by filing a complaint asserting claims pursuant to the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), and state law, and is proceeding pursuant to an amended complaint, ECF No. 7 ("Complaint"). Plaintiff's claims stem from his lease of a residence at Williston Crossings, a recreational vehicle resort in Williston, Florida. *Id.*

This case is now before the Court on ECF No. 18, Defendants' motion to dismiss the Complaint for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. Plaintiff initially

---

[1] Although Plaintiff is proceeding *pro se,* he has identified himself as a "practicing attorney admitted before this Court and others." ECF No. 1 at 2.

filed a pleading "assenting" to the motion to dismiss, see ECF No. 24, but then filed a pleading entitled "Clarification of Qualified Assent", ECF No. 27. In the latter pleading, Plaintiff informed the Court that he did not assent to dismissal of his Complaint. ECF No. 27. The Court then ordered Plaintiff to file a response to the merits of Defendants' motion to dismiss on or before March 23, 2020, failing which the undersigned would recommend that the motion be granted as unopposed. ECF No. 28. As of this date, Plaintiff has not filed a response in opposition to the merits of Defendants' motion to dismiss the Complaint. For the reasons discussed below, it is respectfully recommended that the motion to dismiss be granted.[2]

## I. **PLAINTIFF'S ALLEGATIONS**

The Complaint, ECF No. 7, may be summarized as follows. Plaintiff has resided at Williston Crossings since January 2019. Plaintiff lives with his Labrador Retriever, which he describes as a "registered service dog".

---

[2] Plaintiff also improperly removed a pending state-court eviction action filed against him by Defendants within this pending federal case. ECF No. 8. Plaintiff filed a purported answer and counterclaims to the improperly-removed eviction complaint. ECF No. 11. Defendants moved to remand the state case, ECF No. 16, and also filed a motion to dismiss Plaintiff's asserted counterclaims, ECF No. 19. The improperly-removed state complaint has been remanded to state court, and the Court awarded attorneys' fees and costs to Defendants for defending against the improper removal. ECF No. 30. Because the eviction case has been remanded, Defendants' motion to dismiss Plaintiff's counterclaims in that case, ECF No. 19, is **MOOT**. The Court has taken under advisement the matter of the appropriate amount of the attorneys' fee award, and will issue a separate order awarding such fees and costs. See ECF No. 31.

Plaintiff is recovering from open heart surgery that was performed in March 2019, and also suffers from a "diagnosed balance malady" stemming from nerve damage in his left leg due to diabetes. Plaintiff is 70 years old and alleges that this condition "periodically causes him to become dizzy and fall." ECF No. 7 at 2.

Plaintiff contends that Defendant Teresa Fuller holds herself out as the "manager" of Williston Crossing, and that Fuller has "directed a concerted effort to force Plaintiff from Williston Crossing based upon her view of him as a troublemaker." He asserts that the "campaign" against him is "based upon lies and contrivances abetted by counsel." *Id.* at 3.

Plaintiff alleges that after his return from hospitalization and rehabilitation care, he began to receive notices from Fuller accusing Plaintiff of not "picking up" after his dog and letting the dog run free. Plaintiff contends that the complaints originated from a neighbor who also works in the park office. Plaintiff alleges that he does pick up after his dog and that he was not afforded an opportunity to address the complaints. *Id.*

In October 2019, Plaintiff was notified that his dog must be removed from the resort. In an email to park management, Plaintiff "threatened" litigation in this Court and advised Defendants "of his claim for protection under the ADA". Plaintiff alleges that he filed a complaint with the U.S.

Department of Justice, Disability Rights Division, but there has been no disposition. He states that he "will seek to amend to include an ADA count". *Id.* at 4.

Plaintiff alleges that Defendants initiated eviction proceedings after Plaintiff threatened to file an ADA case. In January 2020, Fuller presented Plaintiff with letters threatening eviction if he "did not pay money and vacate" the premises. Defendants accused Plaintiff of intentionally damaging the park's entrance gate by ramming his car into it. Plaintiff alleges that there was a "minor accident" at the gate that did not cause significant damage. *Id.* at 5.

Plaintiff alleges that Defendants falsely accused Plaintiff of committing a crime and implicitly threatened to "further disseminate the accusation," and damage Plaintiff's reputation. He claims that Defendants' conduct was intended to retaliate against Plaintiff for "threatening legal action in vindication of his statutory rights". *Id.* at 8.

Plaintiff asserts one count of violation of the ADA, but states that his ADA claim will be amended following receipt of a Right to Sue letter. *Id.* at 8. His second count alleges a violation of the FHA due to discrimination "based upon his physical disabilities related to balance and heart surgery recovery and by retaliation for claiming federal rights." *Id.* at 9. The

4

remaining counts allege the state-law tort claims of negligent or intentional infliction of emotional distress, duress, false light, breach of contract, and violation of Florida law governing deceptive and unfair trade practices. *Id.* at 9-10. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. *Id.* at 10-11.

## II. <u>STANDARD OF REVIEW</u>

Determining whether a complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support his claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims

"across the line from conceivable to plausible." *Id.* "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Nevertheless, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Id.* (quoting *Estelle*, 429 U.S. at 106).

## II.  DISCUSSION

Defendants first argue that the Complaint is a "nullity" with respect to Plaintiff's ADA claim because on its face the Complaint states that it will be amended at a later time to assert a claim. Defendants also argue that Plaintiff has failed to allege any facts necessary to establish the elements of a claim under the ADA. ECF No. 18.

"Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001). Employment discrimination, discrimination by

government entities, and discrimination by places of public accommodation are governed by separate titles of the ADA. *See id.* Title III, which applies to discrimination by places of public accommodation, is presumably implicated by the instant case, although Plaintiff's claims are vague. Only injunctive and declaratory relief are available to private litigants who bring suit under Title III—i.e., money damages are not available. *See* 42 U.S.C. § 12188; *Powers v. MJB Acquisition Corp.*, 993 F. Supp. 861, 867 (D. Wyo. 1998) ("Title III of the ADA does not provide for a private cause of action for damages"). Title III establishes the "[g]eneral rule" that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). This broad prohibition contains three essential elements: (1) "discrimination" on the basis of (2) "disability" in (3) a "place of public accommodation." *Id.* To state a claim under the ADA, Plaintiff must "show a disability, the denial of a public benefit, and that such denial of benefits, or discrimination was by reason of the plaintiff's disability." *Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir.1996) (citation and quotation marks omitted).

7

For purposes of Title III, the term disability means "a physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2)(A). Major life activities are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 28 C.F.R. § 1630.2(i). "The phrase 'public accommodation' is defined in terms of 12 extensive categories, which the legislative history indicates 'should be construed liberally' to afford people with disabilities 'equal access' to the wide variety of establishments available to nondisabled." *PGA Tour, Inc.*, 532 U.S. at 676-77 (footnote omitted).

Assuming that Williston Crossing is a place of "public accommodation" within the meaning of the ADA, Plaintiff has failed to allege facts in support of a cognizable ADA claim.  First, there are no facts suggesting that Plaintiff's alleged physical difficulties – described by Plaintiff as a "balance malady" and recovery from heart surgery -- amount to an impairment that "substantially limits" a major life activity within the meaning of the ADA.  Plaintiff admits that he has the ability to pick up his dog's waste, for example.  ECF No. 7 at 3.

More importantly, there are no factual allegations from which the Court could conclude that the eviction action taken against Plaintiff by

Defendants was "on the basis of" his claimed infirmities. *See* 42 U.S.C. § 12182(a). Plaintiff's factual allegations reflect that he received notices for allegedly violating park rules regarding picking up dog waste and that Defendants accused him of intentionally damaging the park gates. *See* ECF No. 7. These allegations do not establish that the eviction proceeding was initiated because Plaintiff is disabled. Accordingly, Plaintiff has failed to state a plausible claim on which relief may be granted. *See Kornblau*, 86 F.3d at 194.

Turning to Plaintiff's FHA claim, the FHA provides that it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities" based on that person's national origin or handicap. 42 U.S.C. § 3604(b), (f)(2). Discrimination on the basis of a handicap includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). The FHA defines "handicap" as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h).

Discrimination claims under the FHA may proceed under three available theories: (i) disparate treatment (also labeled as intentional discrimination); (ii) disparate impact; or (iii) failure to make reasonable accommodations. *Bonasera v. City of Norcross*, 342 Fed. App'x 581, 583 (11th Cir. 2009); *Smith & Lee Assocs., Inc. v. City of Taylor*, 102 F.3d 781, 790 (6th Cir. 1996); *Advocacy Ctr. for Persons with Disabilities, Inc. v. Woodlands Estates Ass'n, Inc.*, 192 F.Supp.2d 1344, 1348 (M.D. Fla. 2002).

Again, Plaintiff's allegations do not establish that he has a handicap within the meaning of the FHA, nor does he state which theory of liability under the FHA his claims are based upon.  He conclusionally asserts that Defendants discriminated against him based upon "his physical disabilities related to balance and heart surgery recovery and by retaliation for claiming federal rights."  ECF No. 7 at 9.  There are no factual allegations that would reasonably support a conclusion that Defendants' actions were based on Plaintiff's physical problems rather than his alleged non-compliance with park rules or causing damage to park property.  Plaintiff's conclusional assertions fall far short of stating any cognizable claim for disparate treatment, disparate impact, or failure to make reasonable accommodations.

In the same vein, his conclusional assertion of "retaliation" is insufficient to state a claim. *See Philipeaux v. Apartment Inv. & Mgmt. Co.,* 598 Fed. App'x 640, 644 (11th Cir. 2015) (to establish a claim of retaliatory housing discrimination, "a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." (quoting *Walker v. City of Lakewood,* 272 F.3d 1114, 1118 (9th Cir. 2001)). Plaintiff's factual allegations do not establish that he was engaged in any protected activity under the FHA, or that there is any connection between the protected activity and Defendants' eviction action.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual allegations suggesting that Plaintiff could present a cognizable claim under either the ADA or FHA. This is particularly appropriate here, where the *pro se*

11

Plaintiff identifies himself as a practicing attorney and has failed to submit any opposition to the merits of Defendants' motion to dismiss.

Because it is clear that the Complaint is due to be dismissed for failure to state either an ADA or FHA claim, the Court should decline to exercise jurisdiction over any pendant state-law tort claims. It is therefore unnecessary to discuss such claims further.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' motion to dismiss the counterclaims asserted by Plaintiff in the remanded state eviction case, ECF No. 19, is **MOOT.**

It is respectfully **RECOMMENDED** that Defendants' motion to dismiss, ECF No. 18, should be **GRANTED** and that the amended Complaint, ECF No. 7, should be **DISMISSED** without leave to further amend.

**IN CHAMBERS** this 20th day of May 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.