IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**LEON ALAN BLAIS,**

    **Plaintiff,**

v.                                                  Case No. 1:20-cv-21-AW-GRJ

**WILLISTON CROSSING EAST, LLC,**
**et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Leon Blais sued the owner and manager of the Williston Crossing RV park where he was living. The owner, Williston Crossing East, LLC, filed for eviction shortly thereafter.[1] Blais alleges that the defendants violated the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA) by discriminating against him because of his disability, a "diagnosed balance malady," ECF No. 7 ¶ 11, and retaliating after he raised the issue with management. He also asserted state law causes of action. ECF No. 7. The defendants moved to dismiss, ECF No. 18, and Blais did not respond. In a May 20, 2020 Report and Recommendation, the magistrate judge recommended that the motion be granted. ECF No. 35. Blais has not filed any objections to that Report and Recommendation.

---

[1] Blais removed the eviction proceeding, but that action was remanded to state court. ECF No. 30.

1

As the magistrate judge correctly explained, Blais's complaint does not allege facts that could plausibly support a claim under the ADA or the FHA. So the federal claims will be dismissed. That leaves several state claims, but Blais has not sufficiently alleged jurisdiction as to those. To the extent Blais relies on pendant jurisdiction, I agree with the magistrate judge that the court should decline to consider the remaining state claims. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). But Blais does not rely solely on 28 U.S.C. § 1367 supplemental jurisdiction. He alleges diversity too. ECF No. 7 ¶ 2. To the extent he relies on that, though, he has not alleged sufficient facts. Among the defendants are limited liability companies, and their citizenship for diversity purposes turns on the citizenship of each member. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The state claims are therefore dismissed too, based on Blais's failure to allege the membership of each LLC defendant (and the citizenship of the individual defendant). If Blais wishes to replead his state-law claims, he must allege the citizenship of each party.

The motion to dismiss (ECF No. 18) is GRANTED. The claims for violations of the ADA and the FHA are dismissed for failure to state a claim. The remaining claims are dismissed for failure to adequately plead diversity jurisdiction. Blais may

file an amended complaint within 14 days. His failure to do so will result in a final order of dismissal.

SO ORDERED on July 17, 2020.

s/ *Allen Winsor*
United States District Judge