IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEON ALAN BLAIS,

     Plaintiff,

v.                                    CASE NO. 1:20-cv-21-AW-GRJ

WILLISTON CROSSING EAST, LLC
et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*[1]*,* initiated this case by filing a complaint

asserting claims pursuant to the Americans with Disabilities Act ("ADA"),

the Fair Housing Act ("FHA"), and state law.  ECF No. 1.  Plaintiff then filed

his First Amended Complaint, ECF No. 7.  Plaintiff's claims stem from his

lease of a residence at Williston Crossings, a recreational vehicle resort in

Williston, Florida.  ECF No 7.[2]

---

[1] Although Plaintiff is proceeding *pro se,* he has identified himself as a "practicing attorney admitted before this Court and others."  ECF No. 1 at 2.

[2] Plaintiff also improperly removed a pending state-court eviction action filed against him by Defendants within this pending federal case.  ECF No. 8.  Plaintiff filed a purported answer and counterclaims to the improperly-removed eviction complaint.  ECF No. 11. Defendants moved to remand the state case, ECF No. 16, and also filed a motion to dismiss Plaintiff's asserted counterclaims, ECF No. 19.  The improperly-removed state complaint was remanded to state court, and the Court awarded attorneys' fees and costs to Defendants in the amount of $5237.50 for defending against the improper removal.  ECF Nos. 30, 46.

Defendants moved to dismiss the First Amended Complaint for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.  ECF No. 18.  Plaintiff did not oppose the motion, and the undersigned recommended that the case be dismissed without leave to further amend.  ECF No. 35.  The district judge adopted the report and recommendation in part, dismissing Plaintiff's federal claims for failure to state a claim upon which relief may be granted.  ECF No. 42.  The Court stated "[a]s the magistrate judge correctly explained, Blais's complaint does not allege facts that could plausibly support a claim under the ADA or the FHA. So the federal claims will be dismissed."  *Id.* at 2.  The Court did not grant Plaintiff leave to further amend his federal claims.  *See id.*  With respect to Plaintiff's state-law claims, the Court concluded that such claims should not be considered to the extent that Plaintiff relied on pendant jurisdiction because the federal claims were dismissed.  *Id.* The Court further concluded that to the extent Plaintiff relied on diversity jurisdiction he had failed to allege sufficient facts establishing the citizenship of each member of the defendant limited liability companies, and therefore the remaining state claims were dismissed.  *Id.*  The Court held that "if Blais wishes to replead his state-law claims, he must allege the citizenship of each party."  *Id.*

2

Plaintiff then filed a Second Amended Complaint, ECF No. 44, again asserting claims under the ADA, the FHA, and state law.  Defendants have moved to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  ECF No. 45.  For the following reasons, it is respectfully recommended that Defendants' motion be granted and this case dismissed without leave to further amend for lack of subject matter jurisdiction and failure to state a claim.

## I.  PLAINTIFF'S ALLEGATIONS

The allegations of the Second Amended Complaint, ECF No. 44, are identical in substance to the First Amended Complaint and may be summarized as follows.  *See* ECF No. 44 at 3-10.  Plaintiff formerly resided at Williston Crossings with his Labrador Retriever, which he describes as a "registered service dog".  Plaintiff is recovering from open heart surgery that was performed in March 2019, and also suffers from a "diagnosed balance malady" stemming from nerve damage in his left leg due to diabetes.  Plaintiff is 71 years old and alleges that this condition "periodically causes him to become dizzy and fall."   Plaintiff alleges that after his return from hospitalization and rehabilitation care, he began to receive "notes" from the park manager accusing Plaintiff of not "picking up"

3

his dog's waste and letting the dog run free.  Plaintiff contends that the complaints originated from a neighbor who also works in the park office. Plaintiff alleges that he does pick up his dog's waste and that he was not afforded an opportunity to address the complaints.  In October 2019, Plaintiff was notified that his dog must be removed from the resort.  In an email to park management, Plaintiff "threatened" litigation in this Court and advised Defendants "of his claim for protection under the ADA".  Plaintiff alleges that he filed a complaint with the U.S. Department of Justice, Disability Rights Division, which issued a "right to sue" letter.

Plaintiff alleges that Defendants initiated eviction proceedings after Plaintiff threatened to file an ADA case.  In January 2020, the park manager presented Plaintiff with letters threatening eviction if he "did not pay money and vacate" the premises.  One letter accused Plaintiff of intentionally damaging the park's entrance gate by ramming his car into it. Plaintiff alleges that there was a "minor accident" at the gate that did not cause significant damage.

Plaintiff alleges that Defendants falsely accused Plaintiff of committing a crime and implicitly threatened to "further disseminate the accusation," and damage Plaintiff's reputation.  He claims that Defendants'

conduct was intended to retaliate against Plaintiff for "threatening legal action in vindication of his statutory rights".  *Id.*

Count One asserts a violation of the ADA.  Count Two asserts a violation of the FHA.  Counts Three through Eight assert the following state-law claims:  Intentional or negligent infliction of emotional distress; "duress"; "false light"; breach of contract; unfair trade practices; and abuse of process.  *Id.* at 9-12.   Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.  *Id.* at 10-11.

## II. <u>STANDARD OF REVIEW</u>

Determining whether a complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support his claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic

recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Nevertheless, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Id.* (quoting *Estelle*, 429 U.S. at 106).

## III. **DISCUSSION**

Plaintiff realleges his claims under the ADA and the FHA, relying on the nearly identical factual allegations that were found insufficient in his First Amended Complaint. *See id.* at 1-11. The Court has dismissed Plaintiff's federal claims and did not afford Plaintiff leave to reassert them. ECF No. 42. For the same reasons stated in the Court's previous Report

and Recommendation, ECF No. 35, and the order adopting it in part with respect to Plaintiff's federal claims, ECF No. 42, Plaintiff's federal claims are again due to be dismissed for failure to state a claim upon which relief may be granted.

As explained in the Court's previous order, in order to proceed with his remaining state claims Plaintiff must establish that this Court has diversity jurisdiction. There is no dispute that Plaintiff is a citizen of Florida. The two named Defendants, Williston Crossing East, LLC, and Williston Crossing West, LLC, are limited liability corporations. ECF No. 44. Plaintiff alleges that Defendants are "foreign limited liability companies" that are "domiciled and managed in Virginia". He further alleges that the "manager identified in state filing is Braxton R. Hill III of Chesapeake, VA." ECF No. 44 at 2-3.

Plaintiff has failed to establish the LLCs' citizenship for purposes of diversity jurisdiction. "[A] limited liability company is a citizen of any state of which *a member of the company* is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (emphasis added). Membership—not the LLCs' principal places of business—is what matters. And identifying the members' residence is not enough. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)

("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."); *see Travaglio v. Am. Express Co.,* 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. And domicile requires both residence in a state and an intention to remain there indefinitely.") (marks and internal citation omitted).

Here, Plaintiff has failed to identify all members of the defendant LLCs and their respective citizenships.  *See Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Hous., LLC*, 713 Fed. App'x 821, 824 (11th Cir. 2017) (a party must identify all of the LLC's members and their citizenships); *see also Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011)* ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenship of all the members of the limited liability company.") (quoting *Rolling Greens, 374 F.3d at 1022).*  Plaintiff does not identify the members of each LLC.  He does not state whether the "manager", Braxton R. Hill III, is a member of either or both LLCs, nor does he identify Hill's citizenship.  Accordingly, the Second Amended Complaint is due to be dismissed because Plaintiff has failed to establish that this Court has diversity jurisdiction over the remaining state claims.

8

Moreover, even if this Court has diversity jurisdiction for the following reasons Plaintiff's factual allegations fail to assert cognizable state-law claims.

## A. *Intentional or Negligent Infliction of Emotional Distress*

Plaintiff alleges that Defendants knowingly inflicted emotional distress on him, causing him to suffer sleeplessness and anxiety and impairing his recovery from heart surgery.  ECF No. 44 at 11.

To establish an intentional-infliction-of-emotional-distress claim under Florida law, the plaintiff must show that the defendant's conduct was intentional or reckless, was outrageous, and caused severe emotional distress. *Horizons Rehabilitation, Inc. v. Health Care & Ret. Corp.*, 810 So.2d 958, 964 (Fla. Dist. Ct. App. 2002). The standard in Florida for outrageous conduct—which is a question of law—is extremely high. *Metro. Life Ins. Co. v. McCarson,* 467 So.2d 277, 278 (Fla. 1985). The plaintiff must show that the defendant's actions were "so extreme in degree as to go beyond all possible bounds of decency." *Von Stein v. Brescher*, 904 F.2d 572, 584 (11th Cir. 1990). A negligent infliction of emotional distress claim requires: (i) the plaintiff must suffer a physical injury; (ii) the physical injury must be caused by the psychological trauma; (iii) the plaintiff must be involved in some way in the event causing the negligent injury to another;

9

and (iv) the plaintiff must have a close personal relationship to the directly injured person. *Cottam v. City of Wildwood*, 750 Fed. App'x 791, 795 (11th Cir. 2018) (citing *Zell v. Meek*, 665 So. 2d 1048, 1054 (Fla. 1995)).

Plaintiff's factual allegations reflect a mere garden-variety landlord-tenant dispute over whether Plaintiff breached the terms of his lease agreement by violating park rules and not timely paying rent. While Plaintiff disagrees that he did anything wrong, there are simply no factual allegations that would support a conclusion that Defendants' actions amounted to intentional infliction of emotional distress, or that Plaintiff's claimed physical injuries stem from any negligent infliction of emotional distress. *See* ECF No. 44 at 11.

## B. *Duress*

Plaintiff asserts that Defendants purposely placed him under "duress" by falsely claiming he had committed vandalism, and that the purpose of such duress was to embarrass him and "induce" him to refrain from vindicating his federal rights. ECF No. 44 at 11.

To state a cause of action for duress, Plaintiff must allege facts showing "(1) that one side involuntarily accepted the terms of another, (2) that circumstances permitted no other alternative, and (3) that said circumstances were the result of coercive acts of the opposite party."

*Woodruff v. TRG-Harbour House, Ltd.*, 967 So. 2d 248, 250 (Fla. 3d DCA

2007) (quoting *McLaughlin v. Fla. Dep't of Natural Res.*, 526 So. 2d 934,

936 (Fla. 1st DCA 1988); *see also Nguyen v. Biondo*, 508 Fed. App'x 932,

935–36 (11th Cir. 2013). "Duress is a condition of mind produced by an

improper external pressure or influence that practically destroys the free

agency of a party *and causes him to do an act or make a contract not of his*

*own volition.*" *City of Miami v. Kory*, 394 So. 2d 494, 497 (Fla. 3d DCA

1981) (quoting *Herald v. Hardin,* 116 So. 863, 864 (Fla. 1928) (emphasis

added).

Again, the facts alleged suggest a landlord-tenant dispute and do not

establish that Plaintiff was subjected to improper pressure or influence that

caused him to do anything to his detriment.  Plaintiff plainly did not forego

the opportunity to seek vindication of his rights, as evidenced by this

lawsuit and his improper attempt to derail the eviction case by removing it

to federal court.  The facts alleged do not establish a cognizable state-law

cause of action for duress.

## C.  *"False Light"*

Plaintiff alleges that Defendants "intended to hold Plaintiff in a false

light and thereby to discredit and to harm him."  He contends that the "false

11

light" was that Plaintiff was "not worthy of trust and was in default of contractual obligations."  ECF No. 44 at 12.

As Defendants point out, Florida law does not recognize "false light" as a tort independent of defamation.  *See Woodhull v. Mascarella*, No. 1:08-cv-151-SPM/AK, 2009 WL 1790383, at *3 (N.D. Fla. June 24, 2009) (dismissing *pro se* plaintiff's claim for false light because "Florida does not recognize a cause of action for false light as a separate tort"); *Pierson v. Orlando Reg. Healthcare Sys., Inc.*, 619 F.Supp.2d 1260, 1284 (M.D. Fla. 2009) (Florida Supreme Court "has now expressly declined to recognize false light as a Florida cause of action distinct from defamation. Thus, Count VII fails as a matter of law and must be dismissed with prejudice.") (citing *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1108 (Fla. 2008)). Accordingly, Plaintiff's "false light" claim fails as a matter of state law.

## D.  *Breach of Contract*

Plaintiff conclusionally alleges that Defendants breached their contract "by violation of the covenant of good faith and fair dealing" and by "failing to provide services promised."  ECF No. 44 at 12.

"A claim for breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law absent an allegation that an express term of the contract has been breached." *Stout v. Med-Trans*

*Corp.*, 313 F.Supp.3d 1289, 1297 (N.D. Fla. 2018) (dismissing the plaintiffs'

claim for breach of the implied covenant of good faith and fair dealing

because they "don't allege a breach of an express term of the contract").  In

this case, Plaintiff's allegations are wholly insufficient to assert a cognizable

breach of contract claim with respect to any express term of his lease, and

therefore he cannot maintain a claim for breach of the covenant of good

faith and fair dealing.

## E.  *Unfair Trade Practices*

Plaintiff contends that Defendants violated Florida's Deceptive and

Unfair Trade Practices Act, Fla. Stat. § 501.202(2), "by virtue of the conduct

alleged."  ECF No. 44 at 12.

The FDUTPA prohibits "[u]nfair methods of competition,

unconscionable acts or practices, and unfair or deceptive acts or practices

in the conduct of any trade or commerce[.]" Fla. Stat. § 501.204(1). To

state a claim under the FDUTPA, a plaintiff must allege the following three

elements: "(1) a deceptive act or unfair trade practice; (2) causation; and

(3) actual damages." *Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d

1243, 1250 (11th Cir. 2013) (citation omitted).

Plaintiff fails to explain how Defendants engaged in any deceptive act

or unfair trade practice in violation of the statute, nor has he alleged any

facts establishing the causation and actual damages elements of a

FDUTPA claim.  *See* ECF No. 44.

## F. *Abuse of Process*

Plaintiff alleges that Defendants initiated the state-court eviction case

"for the improper purpose of discrediting him and discrediting his federal

claims[.]"  He claims that "[s]aid process necessitated Defendants and

Counsel lying and knowingly making false statements here and in state

court in contravention of law and rule of court."  ECF No. 44 at 13.

Under Florida law, a claim for abuse of process has three elements:

"(1) the defendant made an illegal, improper, or perverted use of process;

(2) the defendant had an ulterior motive or purpose in exercising the illegal,

improper, or perverted process; and (3) the plaintiff was injured as a result

of defendant's action." *Hardick v. Homol*, 795 So.2d 1107, 1111 n.2 (Fla.

5th DCA 2001). Florida courts have further explained that an action for

abuse of process consists of a "*willful* and *intentional* misuse of process for

some wrongful and unlawful object or collateral purpose." *Gause v. First*

*Bank of Marianna*, 457 So.2d 582, 584 (Fla. 1st DCA 1984) (emphasis

added) (citing *Perkins v. Kaye*, 443 So.2d 1025, 1026 (Fla. 2d DCA 1983).

Again, although Plaintiff's allegations reflect that he disputed the

basis for the eviction action, he has alleged no facts showing that

14

Defendants' eviction suit was "illegal, improper, or perverted."  Plaintiff's

conclusional assertions are insufficient to state an abuse-of-process claim

under Florida law.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully **RECOMMENDED** that

Defendants' motion to dismiss, ECF No. 45, should be **GRANTED** and that

the Second Amended Complaint, ECF No. 44, should be **DISMISSED**

without leave to further amend for lack of subject matter jurisdiction and for

failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 28th day of January 2021.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**