IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**LEON ALAN BLAIS,**

    **Plaintiff,**

v.                                               Case No. 1:20-cv-21-AW-GRJ

**WILLISTON CROSSING EAST, LLC,**
**et al.,**

    **Defendants.**

_____/

## ORDER OF DISMISSAL

This matter is back before the court on Defendants' second motion to dismiss. ECF No. 45. I earlier adopted the report and recommendation in large part, concluding that Blais had not stated a federal claim, that I would not exercise supplemental jurisdiction under 28 U.S.C. § 1367, and that Blais had not alleged facts to show diversity jurisdiction. ECF No. 42. The order gave Blais leave to file an amended complaint, *id.*, which he did, ECF No. 44 (SAC).

Defendants have again moved to dismiss. ECF No. 45. The magistrate judge filed a report and recommendation, ECF No. 52, to which no party has objected. The magistrate judge concluded that the case must be dismissed, and I agree. Accordingly, the Second Amended Complaint will be dismissed without leave to amend.

1

First, as before, Blais does not allege facts from which one can infer that he was disabled under the ADA or that his disability was the reason Defendants sought to evict him. Although Blais alleges he is recovering from heart surgery and "suffers from a diagnosed balance malady," SAC ¶¶ 10-11, he does not allege facts that would show his condition substantially limits a major life activity. *See* 42 U.S.C. § 12102(1)-(2). Indeed, he alleges that he is able to pick up after his dog. SAC ¶ 26.

Separately, the ADA claim fails because Blais seeks money damages, not declaratory or injunctive relief. *See Jairath v. Dyer*, 154 F.3d 1280, 1283 & n.7 (11th Cir. 1998); *Berkery v. Kaplan*, 518 Fed. Appx. 813, 814 (11th Cir. 2013) ("[T]here is no private right of action for money damages under Title III, which provides for money damages only where the civil action is initiated by the Attorney General." (quoting *Jairath*)).

Blais's FHA claim also falls short. Blais alleges that Defendants violated the FHA "by discriminating against [him] based upon his physical disabilities related to balance and heart surgery recovery and by retaliation for claiming federal rights." SAC ¶ 67. As with his ADA claim, he has not alleged a qualifying disability or facts showing that any disability was the reason for his eviction. There is no plausible allegation that Defendants discriminated against Blais or that their actions were based on anything other than his damaging Defendants' property and his noncompliance with Defendants' rules.

Because Blais had an opportunity to cure these deficiencies and failed to do so, the dismissal is now with prejudice.

As to the state-law claims, Blais attempts to invoke both supplemental and diversity jurisdiction. SAC ¶ 2. But as before, Blais has not sufficiently alleged diversity jurisdiction. He alleges that Defendants are foreign LLCs and that they are "domiciled and managed in Virginia," SAC ¶ 15, but this is insufficient. "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

That leaves Blais to rely on supplemental jurisdiction. But I again decline to exercise supplemental jurisdiction, so the state law claims will be dismissed. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *cf. also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] district court declining to adjudicate state-law claims on discretionary grounds need not first determine whether those claims fall within its pendent jurisdiction."). I therefore will not address the merits of the state-law claims. *See Steel Co. v. Citizens for a Better*

*Env't*, 523 U.S. 83, 94 (1998) (warning against the use of "hypothetical jurisdiction" or "assuming jurisdiction for the purpose of deciding the merits" (cleaned up)).

The magistrate judge's report and recommendation (ECF No. 52) will be ADOPTED to the extent consistent with this order.

The only remaining issue then is the matter of Blais's objection to the magistrate judge's order awarding fees. *See* ECF Nos. 46, 51. I will treat the magistrate judge's order (ECF No. 46) as a report and recommendation, recommending an award of $5,237.50. I will consider Blais's objection (ECF No. 51) as an objection, and he may supplement it with any additional objection. Any other party may also file an objection.

## NOTICE TO THE PARTIES

**Objections to the proposed findings and recommendations in ECF No. 46 must be filed within 14 days of the date of this order. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in the report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1 (citing 28 U.S.C. § 636(b)(1)).**

\*   \*   \*

It is now ORDERED:

1. Defendants' motion to dismiss (ECF No. 45) is GRANTED.

2. The clerk will enter a judgment that says "The Second Amended Complaint is dismissed without leave to amend. As to the federal claims, the dismissal is with prejudice for failure to state a claim. As to the state claims, the dismissal is without prejudice."

3. The court will separately address the pending issue of attorney's fees. *See* ECF Nos. 46, 51.

SO ORDERED on March 30, 2021.

                                   s/ *Allen Winsor*
                                   United States District Judge